UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| GLENN R. DEAN, Petitioner, v. FRANCISCO QUINTANA, Warden, Respondent. | Civil Action No. 5:18-487-KKC **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Glenn R. Dean is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Dean recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Dean's petition.

In 2008, Dean pled guilty in the Western District of Kentucky to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At sentencing, the trial court determined that Dean was subject to an enhanced sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had at least three prior convictions for a violent felony or serious drug offense. Specifically, Dean had two prior first-degree robbery convictions in Kentucky, both of which the trial court concluded were violent felonies, as well as a prior conviction for first-degree trafficking in a controlled substance, which the trial court concluded was a serious drug offense. The trial court ultimately sentenced Dean to 180 months in prison, the mandatory minimum sentence under the ACCA. *See United States v. Glenn R. Dean*, No. 3:08-cr-019 (W.D. Ky. 2008).

Dean appealed his sentence and argued that the trial court erred by finding that his two robbery convictions—which were apparently committed within 30 minutes of each other—were

separate predicate offenses for purposes of the ACCA. The United States Court of Appeals for the Sixth Circuit, however, determined that Dean's robbery convictions were indeed separate offenses and, therefore, the trial court properly classified him as a career offender under the ACCA. *United States v. Glenn R. Dean*, 393 F. App'x 265 (6th Cir. 2010). Finally, Dean's subsequent efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful.

Dean has now filed his § 2241 petition with this Court. [R. 1]. In that petition, Dean argues that his "sentence under § 924(e) is illegal" because his first-degree robbery convictions in Kentucky "are no longer crimes of violence for [purposes of an] ACCA enhancement." [R. 1 at 7]. Dean cites the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), to support his petition, and he claims that these cases make it clear that he no longer has enough predicate offenses to qualify as a career offender. [R. 1 at 8].

Assuming Dean can collaterally attack his underlying sentence in a § 2241 petition, his argument is simply without merit. That is because the Sixth Circuit has specifically held that first-degree robbery in Kentucky *is* a violent felony for purposes of the ACCA. *See United States v. Elliott*, 757 F.3d 492, 495 (6th Cir. 2014). In fact, the Sixth Circuit reaffirmed this holding just a few months ago, specifically saying, "Because we are bound by our prior holding that Kentucky first-degree robbery is a violent felony, *see Elliott*, 757 F.3d at 495, we find that [the defendant's] prior first-degree robbery convictions constitute violent felonies under the ACCA. The district court correctly sentenced [the defendant] as an armed career criminal." *United States v. Ingram*, No. 17-6006, 2018 WL 2214286, at *4 (6th Cir. May 15, 2018). While Dean claims that "[t]he Sixth Circuit has wrongly decided on this issue" [R. 1 at 14], the fact remains that this Court is bound by the Sixth Circuit's holdings. Thus, Dean's § 2241 petition is simply unavailing.

2

Accordingly, it is **ORDERED** as follows:

1. Dean's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

Dated August 17, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY